# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1875.

---

[No. 4708.]

## W. W. MAXEY ET AL. *v.* JOHN THURMAN ET AL.

CONSTRUCTION OF DEED.—If the owner of a Mexican grant of land makes a conveyance of a portion of the same before it has been surveyed or patented by the United States, and in his deed describes the part conveyed as starting from the southeast corner of the rancho and running thence along the southern boundary of the rancho one-third its distance, the southeast corner and southern boundary are to be construed as the corner and boundary to be established by the final survey mentioned in the patent of the United States, and not as the corner and boundary as understood by all parties when the deed was made, or as fixed by the juridical possession.

IDEM.—If a deed of a portion of a Mexican rancho describes one of the boundaries of the part sold as running westerly from the southeast corner of the rancho, "along the old road forming the southern boundary of said rancho, to a point distant by an air line from said southeast corner one-third the length of the southern boundary; to arrive at the point where the line "one-third the length of the southern boundary" ends, the southern boundary and line one-third its length must be run in air lines and not along the old road.

( 321 )

APPEAL from the District Court, Seventeenth Judicial District, County of Los Angeles.

Ejectment to recover the "Willow-Grove," commenced in January, 1870.

On the 14th day of October, 1852, Henry Dalton, then being the owner of the rancho San Francisquito, by deed of that date, conveyed to John O. Wheeler an undivided one-third part of it; and on the 8th day of November, 1855, the said Dalton and Wheeler, having agreed upon a partition, mutually executed and delivered to each other deeds for the portions falling to each respectively, under said partition.

By the deed from Dalton to Wheeler the former conveyed to the latter all that "portion of the San Francisquito Rancho described as follows: Commencing at the northeast corner of said rancho where the northern boundary intersects the river Azusa, thence running in a southerly direction with the river Azusa to the southeast corner of said rancho; thence westerly along the old road forming the southern boundary of said rancho to a point distant from said river Azusa, by an air line, one-third of the distance of the southern boundary of said rancho; thence in a direct line to the north boundary of the rancho, run with such course as will comprise within the boundaries above mentioned one-third part of the entire area of the said rancho of San Francisquito; thence easterly and along the northern boundary to the place of beginning."

The rancho had been granted to Dalton by the Mexican Government in 1845. In September, 1852, he had petitioned the Board of Land Commissioners for the confirmation of the grant. The rancho embraced about two square leagues. In 1867, a patent was issued by the United States to Dalton. The land in controversy is known as the "Willow Grove," and comprises $61\frac{20}{100}$ acres. The plaintiffs deraigned title from Wheeler and the defendants from Dalton.

The following plat shows the rancho and land in contro-
versy.

When the grant was made, an accurate survey was also
made, and juridical possession was delivered. ꞏ By this sur-
vey the southeast corner of the rancho was on the "old
road," about five chains to the east of the west bank of the
river. For many years it had been understood in the neigh-
borhood, that the dividing-line between Wheeler and Dal-
ton was to the west of the land in controversy, and Wheeler
and his grantees had taken possession of it and held it as
within the limits of the deed to Wheeler, without any com-
plaint on the part of Dalton or his successors in interest,
until after the patent was issued by the United States. The
official survey made by the United States, described in the
patent, placed the southeast corner of the rancho in the

centre of the river, at the point "O" on the plat, eighteen chains easterly from the west bank of the river; and the juridical possession had placed it at "E," five chains west of the bank of the river, and twenty-three chains from "O." The boundaries of the rancho as understood at the date of the deed from Dalton to Wheeler were as fixed by the juridical possession.   Several questions were involved here. First. Was the southeast corner to be placed at the point where the juridical possession placed it, or at the point where the United States survey placed it?   Second. Are the words, "distance of the southern boundary," to be construed as meaning its length measured along the road, or as meaning a straight line between the extremities of the boundary?   If the deed was construed as referring to the southeast corner of the rancho, as fixed by the juridical possession, and the words southern boundary as referring to the distance measured along the road, then the land in dispute belonged to Wheeler.   If said corner was to be fixed where placed by the United States survey, and the distance between the termini of the southern boundary was measured by a straight line, then the land belonged to Dalton, and the defendants were entitled to judgment.

The decision of one of these questions one way, and one the other, might have given to each party a portion of the land in dispute.   The court below construed the deed as referring to the southeast corner as fixed by the United States survey, and held the measurement along the southern boundary was to be made in an air line, and gave judgment for the defendants.   The plaintiffs appealed.

*Glassell, Chapman & Smiths,* for the Appellants, cited the following authorities:

Upon the first question: *Van Wyck* v. *Wright,* 18 Wend. 157; cases cited Ann. Civil Code, Secs. 1636–7.

Upon the second question: *People* v. *Henderson,* 40 Cal. 29; *Littlepage* v. *Fowler,* 4 Wheat. 219.

Upon the third question: 3 Washb. on Real Prop. 367; *Jackson* v. *Reeves,* 3 Caines, 298; *Mullett* v. *Fowler,* 8 Cushing, 151; *Carbrey* v. *Willis,* 7 Allen, 371; *Revere* v. *Leonard,* 1 Mass. 93.

*J. G. Howard*, for the Respondents, cited *Brewer* v. *Boston & W. R. R. Co.*, 5 Met. 478.

By the COURT:

The second course in the deed of Dalton to Wheeler commences, as we construe the deed, at the southeastern corner of the rancho, as established by the survey mentioned in the patent, and it terminates at a point in the southern boundary of the rancho, which point is distant from the said southeastern corner one-third of the length of the said southern boundary, as established by the patent, both the said southern boundary and the said second course being run in air lines.

Judgment and order affirmed.